**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**Chambers of**                                    **101 West Lombard Street**
**Douglas R. Miller**                              **Baltimore, Maryland 21201**
**United States Magistrate Judge**        **MDD_DRMChambers@mdd.uscourts.gov**
                                                          **(410) 962-7770**

March 12, 2026

LETTER TO ALL COUNSEL OF RECORD

Re:    *Lonnell J. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
         Civil No. 24-3673-DRM

Dear Counsel:

On December 19, 2024, Plaintiff Lonnell J. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301. I have considered the record in this case and the parties' briefs. ECF Nos. 8, 11, 13, 14. I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case for further consideration. This letter explains why.

## I.    PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") benefits and a Title XVI application for Supplemental Security Income ("SSI") benefits on June 9, 2021, alleging that he became disabled on the same date. Tr. 17. Plaintiff's claims were denied initially and on reconsideration. Tr. 17. On September 26, 2023, an Administrative Law Judge ("ALJ") held a hearing. Tr. 36-60. Following the hearing, on February 5, 2024, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 14-31. The Appeals Council denied Plaintiff's request for review, Tr. 1-7, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against Carolyn Colvin, the Acting Commissioner of Social Security on December 19, 2024. ECF No. 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Lonnell J. v. Colvin*
Civil No. 24-3673-DRM
March 12, 2026
Page 2

## II.    THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since June 9, 2021, the alleged onset date." Tr. 19. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "obesity; depressive, bipolar, and related disorders; schizophrenia spectrum and other psychotic disorders; and substance use disorder (cannabis)." Tr. 20. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 21. Next, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except the claimant requires no more than simple, one-to-four (1-4) step, routine, repetitive tasks in a low stress work environment, defined as requiring only occasional decision making and occasional changes in the work setting, where there would only be occasional contact with co-workers and supervisors, and no contact with the general public, and which would not require a fast pace or production quotas, such as would customarily be found on an assembly line.

Tr. 23. The ALJ determined that Plaintiff was unable to perform any past relevant work. Tr. 29. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 31.

## III.    LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla but may be somewhat less than a preponderance." *Id.* In

*Lonnell J. v. Colvin*
Civil No. 24-3673-DRM
March 12, 2026
Page 3

conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV.    ANALYSIS

Plaintiff argues, *inter alia*, that the ALJ erroneously evaluated the Plaintiff's subjective complaints. ECF No. 11 at 3. Specifically, Plaintiff contends that the ALJ "rejected the Plaintiff's testimony regarding his subjective complaints on the basis that his complaints were not supported by objective medical evidence." ECF No. 11 at 7. Defendant counters that "the ALJ did not require objective evidence from Plaintiff when evaluating his symptoms, but rather balanced the record evidence and made a well-reasoned RFC determination supported by substantial evidence." ECF No. 13 at 6.

An ALJ properly analyzes subjective complaints by using a two-part test. *See Craig*, 76 F.3d at 594–95. First, the ALJ must assess the objective medical evidence and determine whether the plaintiff has a medically determinable impairment that could reasonably be expected to produce the pain or symptoms alleged. 20 C.F.R. §§ 404.1529(b), 416.929(b); Social Security Ruling ("SSR") 16-3p, 2016 WL 1119029, at *4 (S.S.A. Mar. 16, 2016). Second, if the ALJ finds a medically determinable impairment, the ALJ assesses the plaintiff's symptoms to determine how the symptoms' intensity and persistence affect the plaintiff's ability to work. *See* 20 C.F.R. §§ 404.1529(c), 416.929(c). At the second step, "there need not be objective evidence of the pain [or symptoms] itself or its intensity." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (quoting *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989)).

Because "disability benefits can be awarded on the sole basis of an objective impairment and derivative subjective pain" or symptoms, a claimant may "rely exclusively on subjective evidence" at the second step. *Oakes v. Kijakazi*, 70 F.4th 207, 215 (4th Cir. 2023) (quoting *Arakas*, 983 F.3d at 96). Thus, "an ALJ applies the incorrect legal standard in discrediting complaints 'based on [a] lack of objective evidence corroborating them.'" *Id.* (quoting *Arakas*, 983 F.3d at 96) (brackets in original); *accord* SSR 16-3p, 2017 WL 5180304, at *5 ("[W]e will not disregard an individual's statements about [their] symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual."). Instead, the ALJ is required to balance the record evidence as "[a] report of ... inconsistencies in the objective medical evidence is one of the many factors ... consider[ed] in evaluating" this prong. *Shelley C. v. Comm'r of Soc. Sec. Admin.*, 61 F.4th 341, 360 (4th Cir. 2023) (quoting SSR 16-3p, 2016 WL 1119029, at *5).

Where a Plaintiff suffers from fibromyalgia or chronic depression (including Major Depressive Disorder ("MDD")), an additional restriction applies. In *Arakas*, the Fourth Circuit stated:

*Lonnell J. v. Colvin*
Civil No. 24-3673-DRM
March 12, 2026
Page 4

we join those circuits by holding that ALJs may not rely on objective medical evidence (or the lack thereof)—*even as just one of multiple factors*—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia or some other disease that does not produce such evidence. Objective indicators such as normal clinical and laboratory results simply have no relevance to the severity, persistence, or limiting effects of a claimant's fibromyalgia, based on the current medical understanding of the disease.

*Arakas*, 983 F.3d at 97 (emphasis added.)

In *Shelley* C., the Fourth Circuit extended the holding of *Arakas* to "depression—particularly chronic depression," holding that it was "one of those other diseases" that does not produce objective medical evidence. *Shelley C.*, 61 F.4th at 360-61. This is because

the DSM-V declares that "no laboratory test has yielded results of sufficient sensitivity and specificity to be used as a diagnostic tool for [MDD.]" But most importantly, "[s]ymptoms caused by major depression can vary from person to person." Stated differently, symptoms of MDD, like those of fibromyalgia, are "entirely subjective," determined on a case-by-case basis.

*Id.* at 361 (citations omitted.)

However, *Arakas and Shelley C.* do not foreclose an ALJ's ability to "weigh[] [a] [p]laintiff's subjective complaints against other evidence in the record," such as by "compar[ing] [a] [p]laintiff's hearing testimony to her previous statements, including those made during medical visits with her primary care provider and her statements regarding her activities of daily living . . . . Such weighing remains permissible under *Shelley C*. and *Arakas*." *Lasharne W. v. Comm'r, Soc. Sec. Admin.*, No. SAG-21-2603, 2023 WL 2414497, at *4 (D. Md. Mar. 8, 2023). *See Kimberly S. v. Comm'r, Soc. Sec.,* No. EA-23-1404, 2024 WL 5007372, at *7 (D. Md. Dec. 3, 2024) (ALJ's finding that plaintiff's "own subjective reports of improvement [of depression symptoms] with treatment and independent daily activities were inconsistent with the disabling limitations she alleged" was not impermissible reliance on absence of objective medical evidence.)

Here, at the first step, the ALJ determined that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms[.]" Tr. 24. At the second step the ALJ concluded that Plaintiff's:

statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision. The claimant's statements about the intensity, persistence, and limiting effects of his symptoms are not fully consistent with the evidence, given his documented and reported improvement on his course of treatment, his reported activities, his mental status examination findings, and his treatment notes.

*Lonnell J. v. Colvin*
Civil No. 24-3673-DRM
March 12, 2026
Page 5

Tr. 24.

Plaintiff contends this second step was undertaken in error. Specifically, Plaintiff argues that:

> Here, as in *Shelley C.*, the Plaintiff has been diagnosed with severe mental impairments, including depressive disorder, and persistent depression. The Administrative Law Judge specifically discounted the Plaintiff's subjective complaints on the basis that they were inconsistent with the objective medical evidence, including conservative treatment history, positive response to treatment, and generally normal observations throughout his mental status examinations, despite the presence of an impairment, depression, whose symptoms are entirely subjective. In doing so, the Administrative Law Judge improperly increased the Plaintiff's burden of proof.

ECF No. 11 at 8 (record citations omitted.)

As an initial matter, the Court finds that Plaintiff's medically determinable impairment "depressive, bipolar, and related disorders," Tr. 20, falls within *Shelley C.*'s extension of the *Arakas* holding. The ALJ noted that Plaintiff had been diagnosed with, *inter alia*, "depression, persistent depressive disorder, and major depressive disorder." *Id.* (record citations omitted.) The plaintiff in *Shelley C.* suffered from MDD. *Shelley C.*, 61 F.4th at 346. The phrase "depression— particularly chronic depression," *Id.* at 361, would seem to encompass persistent depressive disorder and arguably depression. Therefore, the ALJ could not "rely on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount [Plaintiff's] subjective complaints regarding symptoms" of these disorders. *Arakas*, 983 F.3d at 97.

The analysis is further complicated by the fact that Plaintiff suffers from other psychological impairments to which the Fourth Circuit has not, to date, extended the holding of *Arakas*. For these other conditions, it was not improper for the ALJ to consider objective medical evidence as one factor in the evaluation of Plaintiff's subjective statements about his symptoms. But it is not always possible to determine whether a statement in the ALJ's discussion concerns Plaintiff's depression-related symptoms, or symptoms only of these other disorders.

However, interpreting the ALJ's decision within those constraints, it appears that the ALJ at times engaged in the analysis forbidden by *Arakas* and *Shelley C.* Plaintiff's hearing testimony regarding his depression-related symptoms was as follows:

> about three times a week, he has severe depression where he sometimes will not eat. It takes him about three-to-four hours to get out of bed. Three-to-four days a month, he alleged his depression gets so bad where he cannot leave his room. He further testified he has memory issues, difficulty getting along with others, and suicidal ideation.

Tr. 24

*Lonnell J. v. Colvin*
Civil No. 24-3673-DRM
March 12, 2026
Page 6

In finding that the record evidence did not support the intensity, persistence, and limiting effects of these symptoms, it was not improper for the ALJ to consider that Plaintiff had on particular dates "denied depression" to a provider, "mention[ed] that he wanted to find a stable job," "reported a benefit with meditation, medication, and therapy," "continued to report having a good response on his medications, with a reported improvement in his mood," "denied suicidal and homicidal ideation," "reported a good response in his mood and … reported eating and sleeping better on his medications," "stated that his new medication was working well," and the like. Tr. 25-26. These are reasonable "compar[isons] [of] Plaintiff's hearing testimony to [his] previous statements, including those made during medical visits with [his] . . . provider," *Lasharne W.* 2023 WL 2414497, at *4; and weighing of whether "Plaintiff's own subjective reports of improvement with treatment . . . were inconsistent with the disabling limitations [he] alleged." *Kimberly S.*, 2024 WL 5007372, at *7.

But the ALJ also references items which are not mere reports of Plaintiff's past subjective statements. Rather, they contain providers' clinical interpretations of their observations, including multiple characterizations of Plaintiff's affect, orientation, demeanor, eye contact, participation, and mood, describing them as "normal," "good," "neutral," "euthymic," and "appropriate." Tr. 25-26. The presumed relevance of these normal findings is that they imply the absence of "[p]sychiatric signs" of depression, persistent depression, and MDD—and therefore a lack of "objective medical evidence" supporting Plaintiff's testimony about his symptoms of these disorders.[3] In context, the ALJ's discussion of these findings suggests he engaged in the analysis forbidden by *Arakas* and *Shelley C.*: "rely[ing] on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of" chronic depression. *Arakas,* 983 F.3d at 97. *See Shelley C.*, 61 F.4th at 361.

Because the ALJ improperly increased Plaintiff's burden of proof by effectively requiring that subjective statements be validated by objective medical evidence, the Court must find error. *See Arakas,* 983 F.3d at 96 (citing *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017)). The ALJ's decision to partially discredit Plaintiff's subjective statements concerning the intensity,

---

[3] Social Security regulations define *objective medical evidence* as "medical signs, laboratory findings, or both." 20 C.F.R. §§ 404.1502(f), 416.902(k). *Signs* is further defined to mean:

> one or more anatomical, physiological, or psychological abnormalities that can be observed, apart from your statements (symptoms). Signs must be shown by medically acceptable clinical diagnostic techniques. Psychiatric signs are medically demonstrable phenomena that indicate specific psychological abnormalities, e.g., abnormalities of behavior, mood, thought, memory, orientation, development, or perception, and must also be shown by observable facts that can be medically described and evaluated.

20 C.F.R. §§ 404.1502(g), 416.902(l).

*Lonnell J. v. Colvin*
Civil No. 24-3673-DRM
March 12, 2026
Page 7

persistence, and limiting effects of his symptoms is accordingly unsupported by substantial evidence. Thus, the Court is unable to find that the ALJ's determination is supported by substantial evidence. Therefore, remand is required.

On remand, the ALJ may consider conducting the 20 C.F.R. §§ 404.1529(c) & 416.929(c) analysis of Plaintiff's depression-related symptoms separately from those of other disorders, to avoid any ambiguity that the discussion of objective medical evidence is confined to those disorders not subject to the restriction of *Arakas* and *Shelley C.* Because the case is being remanded on other grounds, I need not address Plaintiff's other arguments. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

V.    **CONCLUSION**

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Douglas R. Miller
United States Magistrate Judge